No. 54.—ISAAC MACKEY and EPHRAIM S. JOHNSON, plaintiffs in error, *vs.* ALLEN BLAKE, defendant in error.

[1.] Where an attorney shall institute a suit in any of the Courts of the State, in behalf of a non-resident plaintiff, to which a set-off is pleaded, and a judgment rendered for the defendant, the attorney shall be liable for the cost.

Motion, in Hall Superior Court. Decided by Judge JACKSON, September Term, 1853.

Ephraim S. Johnson, an attorney at law, brought suit in favor of Isaac Mackey, a non-resident plaintiff, against Allen Blake, in Hall Superior Court. The defendant filed a plea of set-off, larger than the plaintiff's claim, and recovered a judgment for the overplus, and issued a *fi. fa.* thereon. The present motion was to enter up judgment against the attorney, Johnson, for the *costs*, under the Statute making attorneys liable for the costs, in cases where the plaintiff resides out of the county. Johnson resisted the motion, and on its being granted by the Court, sued out a writ of error to the decision thereon.

McDONALD, for plaintiff in error.

HULL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The decision of this case, depends upon the construction to be put upon the first section of the Act of 1812, (*Cobb's Digest*, 505,) which was re-enacted and declared to be in full force, by the Act of 1839. (*Ib.* 507.) This section declares, " that where any attorney shall institute a suit, in any of the Courts of this State, for and in behalf of any person or persons, who resides or reside out of this State, or out of the county in which the defendant or defendants may reside, and in which such suit may be tried, such attorney shall be liable to

pay all costs, in case such suit shall be dismissed, or the plaintiff or plaintiffs be cast in, his, her or their suit; and it shall be lawful for the Clerk of said Court, to issue execution against said attorney or attorneys, for the amount of the cost of said suit".

Can the non-resident plaintiff, when, under a plea of set-off, the defendant gets a judgment against him, for a balance, be said to be " cast in his suit"?

It may be contended, with some plausibility, at least, that where the plaintiff sustains his cause of action, and is *cast,* as in the present instance, by reason only of the set-off of the defendant, which is in the nature of a cross-action, that the attorney should not be held liable; that he is without fault, not having misjudged, as the result shows, the plaintiff's rights.

But even if this were so, it would not protect the counsel in the present case. The plaintiff's writ, was to recover two items of indebtedness—one for $50 cash loaned, and the other $14 for 9 barrels of corn. The defendant pleaded that the first item was loaned, to be bet on cards; and consequently, was not collectable under our law. He also filed a set-off for $23. The Jury sustained his defence, as to the $50, and gave him a verdict for the excess of his account, over the second item of the plaintiffs. It must be admitted, therefore, under any view of the Act, that the plaintiff was *cast,* as to the $50; and for the other demand, he might and should have sued in the Justice's Court. And had no set-off been filed, he could only have obtained judgment for the $14, which would have drawn after it no more costs than is allowed in the Justice's Court; and the attorney would have been responsible to the officers of Court, for the difference.

But, we apprehend, we shall best subserve the intention of the Legislature, by holding that, in contemplation of the Act of 1812, the plaintiff is *cast,* whenever a judgment is rendered against him, no matter from what cause. So far as the officers of the Court are concerned, it can certainly make no difference, whether the plaintiff be cast for want of a legal cause of action; proof to sustain it; the neglect of counsel, or be-

cause his claim has been overcome by that of the defendant. In any and all these cases, the plaintiff is equally liable for costs; and he is beyond the reach of those whom the Statute intended to secure.

The object of all of our legislation, from the earliest Judicial history of the State, was manifestly designed to protect the officers of Court, in the collection of their costs. And this is right. The service they render is compulsory; it should not be gratuitous. And where the remuneration cannot be had out of the party, it would seem to be reasonable, that it should be paid by the attorney. Besides, the attorney can always exact indemnity from his client, against personal liability, before instituting the suit, so that he cannot suffer, except by his own neglect. In point of fact, we know, however, by bitter experience, as well as observation, that they do lose a large amount in this way, which is never re-imbursed. If they are injured by the direct effect of this decision, it is comforting to them, that it will afford them a proper pretext to be more exacting in future, in demanding security in the out-set, against ultimate responsibilty. For their benefit, we will cheerfully take upon ourselves the blame of making it their duty to do so.

Judgment affirmed.